66 F.3d 317
 NOTICE: Fourth Circuit Local Rule 36(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Christopher JONES, Defendant-Appellant.
 No. 95-5035.
 United States Court of Appeals, Fourth Circuit.
 Sept. 15, 1995.
 
 James O. Broccoletti, Norfolk, VA, for appellant.
 Helen F. Fahey, U.S. Atty., Laura M. Everhart, Asst. U.S. Atty., Norfolk, VA, for appellee.
 Before WIDENER, HALL and WILLIAMS, Circuit Judges.
 OPINION
 PER CURIAM:
 
 
 1
 Christopher Jones was convicted by a jury of possession of crack cocaine with intent to distribute, 21 U.S.C.A. Sec. 841 (West 1981 & Supp.1995), and was sentenced to a term of 324 months imprisonment. Jones appeals his conviction on the ground that the district court abused its discretion in admitting into evidence certain statements he made following his arrest. He also appeals his sentence, contending that the district court clearly erred in determining the amount of crack attributable to him, USSG Secs. 1B1.3, 2D1.1,[1] and in denying him an adjustment for acceptance of responsibility. USSG Sec. 3E1.1. We affirm the conviction and the sentence.
 
 
 2
 On November 19, 1994, police in Norfolk, Virginia, arrested David Bond on drug charges. Bond decided to cooperate, and revealed that he was scheduled to pick up ten ounces of crack from Jones, his source, later that day. Under surveillance, Bond completed arrangements for the sale with Jones, who was arrested that evening when he came to the meeting place with ten ounces of crack individually bagged. Jones arrived at the meeting place with a passenger who left before Jones was arrested, and was never located. When he was arrested, Jones was advised of his Miranda[2] rights, and he stated that he wanted an attorney.
 
 
 3
 Police officer George Hoggard testified at Jones's trial that, about 2:30 a.m., after Jones had been taken into custody and the residence where he was arrested had been searched, he informed Jones what the charge against him would be. Jones asked Hoggard if he could ask a question and Hoggard nodded. Jones then stated, "I got set up, didn't I?" Hoggard said he advised Jones that he had indeed been set up. Jones asked Hoggard whether "he" had gotten back on the plane. Hoggard replied that he could not reveal that information; at trial, he said he did not know who Jones was talking about. Jones asked if he could ask another question and Hoggard nodded again. Jones said, "How come he can set me up and get away with the rest of the dope?" At this point, Hoggard told Jones that he should talk to an attorney, and left.
 
 
 4
 Before his trial, Jones attempted to suppress his post-arrest statements as the fruit of an illegal arrest. The suppression motion was denied, and Jones did not seek to exclude Hoggard's trial testimony about the statements on any other ground. In this appeal, Jones argues for the first time that his statements were not admissible because they were made in response to conduct by Officer Hoggard which was designed to elicit a response from him. We review his claim under the plain error standard. United States v. Olano, 61 U.S.L.W. 4421 (U.S.1993).
 
 
 5
 An accused who is in custody and has invoked his right to counsel may not be interrogated outside the presence of his attorney unless the accused initiates further conversation with police. Edwards v. Arizona, 451 U.S. 477, 484-85 (1981). Interrogation includes "any words or actions on the part of the police (other than those normally attendant to arrest and custody) that the police should know are reasonably likely to elicit an incriminating response from the suspect." Rhode Island v. Innis, 446 U.S. 291, 301 (1980) (footnotes omitted). The focus is on the suspect's perceptions rather than the intentions of the police. Id. However, as defined in Innis, "interrogation" does not cover all declaratory statements made by police to a suspect regarding the charges and evidence against him; a fact-specific inquiry is necessary. United States v. Payne, 954 F.2d 199, 202-03 (4th Cir.), cert. denied, 503 U.S. 988 (1992). As in Payne, where a suspect was informed that a gun had been found at his house, the statement made by Officer Hoggard to Jones was not one which invited a response, or one which the officer should have foreseen would elicit an incriminating statement. Therefore, we find that the district court did not commit plain error in admitting Jones's statements.
 
 
 6
 Jones also contests the district court's determination, as recommended by the probation officer, that he sold ten ounces of crack to Bond every two weeks for two years, making him accountable for 14.7 kilograms (520 ounces) of crack, and giving him a base offense level of 38. When he began to cooperate following his arrest, Bond stated that he had been selling cocaine for three years. Bond testified at trial that he met Jones two or three years before, that he bought small quantities of crack at first but worked up to buying ten ounces a week within a year. Jones offered no evidence to the contrary at sentencing, but argued that Bond was an unreliable witness, in part because Bond had failed to appear for his own sentencing. The district court found that the information provided by Bond was sufficiently reliable to be considered because he had told the truth concerning his expected transaction with Jones.
 
 
 7
 Evidence may be considered by a sentencing court if it has a minimal indicia of reliability beyond mere allegation. United States v. Hicks, 948 F.2d 877, 883 (4th Cir.1991). Bond's testimony met this threshold requirement. Moreover, even if the court had found that Jones sold ten ounces to Bond every two weeks for one year only, his base offense level would not have changed. See USSG Sec. 2D1.1(c)(1) (base offense level of 38 for 1.5 KG or more of cocaine base). We find that the district court did not clearly err in determining the amount of crack attributable to Jones.
 
 
 8
 Finally, given that Jones went to trial denying his factual guilt, we cannot say that the district court clearly erred in finding that he had failed to accept responsibility for his criminal conduct. USSG Sec. 3E1.1, comment. (n.2).
 
 
 9
 We therefore affirm the conviction and sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.
 
 
 10
 AFFIRMED.
 
 
 
 [1]
 United States Sentencing Commission, Guidelines Manual (Nov.1994)
 
 
 [2]
 Miranda v. Arizona, 384 U.S. 436 (1966)